IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00345-MR-WCM

| | | |
|---|---|---|
| TONYA R. CHAPMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| OAKLAND LIVING CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on the Plaintiff's "Motion for Summary Judgement with Direct Evidence" [Doc. 20].

The Plaintiff, proceeding *pro se*, commenced this action on December 3, 2018, asserting claims of racial discrimination. [Doc. 1]. The Defendants have moved to dismiss the Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 10]. That motion has been referred to the Magistrate Judge for a recommendation as to its disposition, and it is currently under advisement with the Magistrate Judge. The Plaintiff

filed the present Motion for Summary Judgment on June 10, 2019.[1] [Doc. 20].

As noted, there is a motion to dismiss currently pending before the Court. A motion to dismiss tests the legal sufficiency of the Plaintiff's Complaint. If the motion to dismiss is granted, this action will be dismissed. If the motion to dismiss is denied, the Plaintiff then will have the opportunity to participate in the Court's Pro Se Settlement Assistance Program (PSAP), which would allow the parties to engage in an expedited mediation process without incurring the burdensome costs of discovery. If such mediation is not successful, then a case management order will be entered and deadlines will be provided for the completion of discovery and the filing of dispositive motions.

In light of the current posture of this case, the Court concludes that the Plaintiff's motion for summary judgment should be denied without prejudice to refiling at a later time. Deferring the consideration of the summary judgment motion would enable this Court to rule on the pending dispositive motion and, if such motion is denied, would allow the Plaintiff to engage in expedited mediation through the PSAP prior to the commencement of a case

---

[1] The Plaintiff's Motion is not accompanied by a brief as required by Local Civil Rule 7.1(c), nor is it supported by any affidavits or other exhibits.

management order. If such order is entered, the parties may then engage in discovery in order to develop an evidentiary record upon which the Court can decide any potentially dispositive motions.

For these reasons, the Court will deny the Plaintiff's summary judgment motion without prejudice to refiling after the close of discovery.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Motion for Summary Judgement with Direct Evidence" [Doc. 20] is **DENIED WITHOUT PREJUDICE** to refiling after the close of the discovery period.

**IT IS SO ORDERED.**

Signed: June 19, 2019

Martin Reidinger
United States District Judge