IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18 CV 345

| | | |
|---|---|---|
| TONYA R. CHAPMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | ORDER |
| OAKLAND LIVING CENTER, INC., | ) | |
| ARLENE SMITH, MICHAEL SMITH, | ) | |
| and STEVE SMITH, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Defendants' Motion to Strike (Doc. 11).

Plaintiff, proceeding *pro se*, filed her Complaint on December 3, 2018. Attached to that filing was an Exhibit labeled "Letter from Defendants Attorney" ("Letter"). (Doc. 1) at 11. Defendants' instant Motion requests that the Letter be stricken. The parties' briefing regarding Defendants' separate Motion to Dismiss referenced the instant Motion, (Docs. 14, 17), though no additional substantive arguments were made regarding the Motion to Strike specifically.

The applicable standards that are employed when considering a motion to strike were stated last year by the Hon. Dennis Howell, United States Magistrate Judge, as follows:

> Under Fed. R. Civ. P. 12(f), the "Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" either sua sponte or upon motion. Simaan, Inc. v. BP Products North American, Inc., 395 F. Supp. 2d 271, 278 (M.D.N.C. 2005). In a motion to strike, the burden is high and rests with the movant. Clark v. Milam, 152 F.R.D. 66, 70 (S.D.W. Va. 1993). Motions to strike are not favored, and any doubts about whether the motion should be granted should be resolved in favor of the non-moving party. *See* Lane v. Endurance Am. Specialty Ins. Co., No. 3:10-CV-401-MOC-DCK, 2011 WL 1343201, at *2–*3 (W.D.N.C. April 8, 2011).
>
> Immaterial describes matter that "has no essential or important relationship to the claim for relief or the defenses being pleaded." 5C Fed. Prac. & Proc. Civ. § 1382 (3d ed.). Impertinent describes matter that "do[es] not pertain, and [is] not necessary, to the issues in question." Id. Scandalous material includes matter that reflects on a party's moral character or detracts from the dignity of the court. *See* Cobell v. Norton, 224 F.R.D. 1, 5 (D.D.C. 2004).
>
> Sturdivant v. Arc of Haywood Cty., Inc., No. 1:18 CV 123, 2018 WL 2138543, at *1 (W.D.N.C. May 9, 2018)

Here, the Letter appears to be an email from defense counsel to an attorney representing Plaintiff. The content of the communication pertains to settlement discussions. Plaintiff's Complaint does not mention, much less rely upon, the Letter, and information regarding prefiling settlement discussions otherwise appears to be immaterial at this time. See Staton v. Dollar Tree, Inc., No. 2:08CV350, 2008 WL 11383389, at *3 (E.D. Va. Dec. 11, 2008) ("It is appropriate for the court to strike portions of a party's complaint that

impermissibly reference settlement negotiations between the parties.") (citing Renaissance Greeting Cards, Inc. v. Dollar Tree Stores, Inc., 227 Fed. Appx. 239, 247-48 (4th Cir. 2007) (unpublished) (affirming district court's decision to strike references to settlement negotiations in the plaintiff's complaint as inadmissible pursuant to Rule 408 of the Federal Rules of Evidence)).

Accordingly, Defendants' Motion to Strike (Doc. 11) is **GRANTED** and the Letter attached to Plaintiff's Complaint at page 11 is **STRICKEN**.

Signed: July 1, 2019

W. Carleton Metcalf
United States Magistrate Judge