UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TONYA R. CHAPMAN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | |
| v. ) | 1:18-CV-345 |
| ) | |
| OAKLAND LIVING CENTER, INC., ) | Jury Trial Demanded |
| ARLENE SMITH, MICHAEL SMITH, ) | |
| and STEVE SMITH, ) | |
| ) | |
| Defendants. ) | |

## AMENDED COMPLAINT

Comes now the plaintiff, and complaining of the defendants, alleges and says:

### NATURE OF COMPLAINT

1. This action is seeking damages against Defendant Oakland Living Center, Inc. for violation of Plaintiff's rights protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.* and against all Defendants for violation of Plaintiff's rights as protected by 42 U.S.C. § 1981.

### PARTIES, JURISDICTION, AND VENUE

2. Plaintiff, Tonya R. Chapman (hereinafter "Chapman" or "Plaintiff"), is a citizen and resident of Rutherford County, North Carolina.

3. Defendant, Oakland Living Center, Inc. (hereinafter "OLC" or "Defendant"), is a domestic corporation and may be served with process through its registered agent, Michael S. Smith, at 704 Poors Ford Rd., Rutherfordton, NC 28139.

4. Defendant, Arlene Smith, is a resident of North Carolina and can be served with process as 704 Poors Ford Rd., Rutherfordton, NC 28139.

5. Defendant, Michael Smith, is a resident of North Carolina and can be served with process

at 704 Poors Ford Rd., Rutherfordton, NC 28139.

6. Defendant, Steve Smith, is a resident of North Carolina and can be served with process at 704 Poors Ford Rd., Rutherfordton, NC 28139.

7. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as there are issues of Federal Law.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (c) as Defendants are subject to the personal jurisdiction of this Court and because many of the acts giving rise to this action occurred in this District.

## ALLEGATIONS

9. Chapman, a black female, began working for Defendants in or about 2004. She was employed until 2015, when she voluntarily resigned, and then later returned to work for Defendants again in the spring of 2018.

10. At the time of her return in 2018, Chapman was employed by Defendants as a cook, but served in whatever capacity was needed from her. She remained in this role until the time of her separation in August 2018. Chapman was the only black employee of Defendants.

11. During the course of her employment with Defendants, Chapman was subjected to racial discrimination and harassment based on her race (black).

12. In the spring of 2013, Defendants informed its employees that they would be having their pictures made for badges that they would be required to wear moving forward. All of Defendants' employees were photographed from the front, with a full picture of each employee's face. Chapman, however, was required to also provide a picture from the side view, and after being photographed was told by Defendant Arlene Smith that she would be assigned a "slave number" for her badge identification.

13. On her birthday in 2014, which fell on the same day as the children of Defendant Steve Smith, and grandchildren of Defendants Arlene Smith and Michael Smith, Chapman was given a cake that depicted a black "hangman" from a noose. Chapman was instructed to leave with her cake so that the children could have their birthday party, the theme of which was monkeys.

14. In July 2018, while working in the kitchen area, Chapman was approached by one of the children of Defendant Steve Smith, and grandchild of Defendants Arlene Smith and Michael Smith. The child requested that Chapman give him cupcakes. When Chapman refused, the child told Chapman "my dad said you are a lazy black nigger because you did not come to work." Chapman reported the incident to her supervisor, Patricia Warner. However, to Chapman's knowledge, Warner did not take any action.

15. On August 24, 2018, while working in the kitchen area, Chapman was again approached by the child who called out to her and shouted "nigger, nigger, get to work nigger." On information and belief, this incident was witnessed by other employees.

16. Upon belief, immediately following the August 24, 2018 incident, another employee informed Defendant Steve Smith about his child's actions because Smith approached Chapman shortly after the incident and asked Chapman if his son called her a "ugly word." Chapman replied that the child did, and Smith informed Chapman that the child would be "straightened out."

17. Immediately following the conversation with Defendant Steve Smith, Chapman was again approached by the child who said to her "Tonya, you are a nigger."

18. Chapman was so distressed over the harassment she had suffered including the racial slurs that she left the facility and did not return. Chapman found the "slave number" reference,

3

the "hangman" on the noose, and the monkey party offensive. However, being repeatedly called a "nigger" while at work was too much for Chapman to endure and she did not return to work.

19. On or about September 18, 2018, Chapman filed a charge of Discrimination against Defendant Oakland Living Center, Inc. with the United States Equal Employment Opportunity Commission ("EEOC").

20. The EEOC issued Chapman a Notice of Right to Sue on September 28, 2018.

21. The original complaint in this case was filed December 3, 2018, which was within ninety (90) days of Chapman's receipt of the Notice of Right to Sue from the EEOC.

**FIRST CLAIM FOR RELIEF AS TO DEFENDANT OAKLAND LIVING CENTER, INC.**
**(Harassment under Title VII 42 U.S.C. § 2000e *et. seq.* and 42 U.S.C. § 1981)**

22. Plaintiff incorporates by reference the allegations of paragraph 1 through 21 of the complaint.

23. Plaintiff is black, and Defendants conduct described herein was directed to Plaintiff because of her race.

24. The conduct directed toward Plaintiff due to her race was severe or pervasive, unwelcome, subjectively and objectively offensive constituting unlawful racial harassment.

25. Defendants subjection of Plaintiff to unlawful harassment caused Plaintiff's damages, including but not limited to great emotional distress, mental pain, suffering, stress, grief, worry, and mental anguish.

26. Defendants actions in unlawfully racially harassing Plaintiff was intentional, willful, and in reckless disregard for Plaintiff's legally protected rights and justify awarding punitive damages.

4

27. Therefore, Plaintiff sues Defendant OLC for unlawful harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq* and 42 U.S.C. § 1981.

### SECOND CLAIM FOR RELIEF AS TO ALL DEFENDANTS
### (Harassment under 42 U.S.C. § 1981)

28. Plaintiff incorporates by reference the allegations of paragraph 1 through 21 of the complaint.

29. Plaintiff is black, and Defendants conduct described herein was directed to Plaintiff because of her race.

30. The conduct directed toward Plaintiff due to her race was severe or pervasive, unwelcome, subjectively and objectively offensive constituting unlawful racial harassment.

31. Defendants subjection of Plaintiff to unlawful harassment caused Plaintiff's damages, including but not limited to great emotional distress, mental pain, suffering, stress, grief, worry, and mental anguish.

32. Defendants actions in unlawfully racially harassing Plaintiff was intentional, willful, and in reckless disregard for Plaintiff's legally protected rights and justify awarding punitive damages.

33. Therefore, Plaintiff sues all Defendants for harassment in violation of 42 U.S.C. § 1981.

### THIRD CLAIM FOR RELIEF
### (Constructive Discharge under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et. seq*., and 42 U.S.C. § 1981)

34. Plaintiff incorporates by reference the allegations of paragraphs 1 through 21 of this complaint.

35. During the course of her employment with Defendant, Plaintiff was subjected to unlawful racial harassment.

36. The ongoing harassment was unwelcome, severe or pervasive, objectively and subjectively offensive to Plaintiff, altered the terms and condition of Plaintiff's employment, and unreasonably interfered with her work.

37. The unlawful racial harassment of Plaintiff created an intolerable workplace environment. Defendant OLC failed to take appropriate action to end the racial harassment and such ongoing racial harassment in the face of Plaintiff's complaints, resulted in her being constructively discharged. The unlawful racial harassment would have caused any reasonable employee to resign.

38. Defendants' subjection of Plaintiff to unlawful harassment caused Plaintiff's damages, including but not limited to great emotional distress, mental pain, suffering, stress, grief, worry, and mental anguish.

39. Defendants' actions in unlawfully racially harassing Plaintiff was intentional, willful, and in reckless disregard for Plaintiff's legally protected rights and justify awarding punitive damages.

40. Therefore, Plaintiff sues Defendant Oakland Living Center for constructive discharge in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 2000e *et. seq* and 42 U.S.C. § 1981.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that:

A. The Court enter a judgement in favor of Plaintiff and against Defendants to include compensation for lost wages, lost benefits, and other economic losses that were proximately caused by the discriminatory and/or unlawful actions reference herein.

B. The Court enter an award in favor of Plaintiff and against Defendants for the great emotional distress, mental pain, suffering, stress, grief, worry, and mental anguish caused by Defendants' wrongfully discharging Plaintiff.

C. The Court enter an award in favor of Plaintiff and against Defendants for punitive damages caused by its intentional, willful, wonton, and reckless actions.

D. This matter be tried by a jury.

E. The judgement bear interest at the legal rate from the date of filing this action until paid.

F. Defendant be taxed with the costs of this action; and

G. The Court order such other and further relief as it may deem just and proper.

Respectfully submitted this the 1st day of April, 2020.

By: **/s/ KIRK J. ANGEL**
Kirk J. Angel, NCSB#: 33559
Attorney for the Plaintiff
The ANGEL LAW FIRM, PLLC
1036 Branchview Drive NE, Suite 102
Concord, NC 28025
P.O. Box 1296 (28026)
Telephone: 704-706-9292
Facsimile: 704-973-7859
E-mail: kirk@mailalf.com

| | |
|---|---|
| TONYA R. CHAPMAN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | |
| v. ) | 1:18-CV-345 |
| ) | |
| OAKLAND LIVING CENTER, INC., ) | Jury Trial Demanded |
| ARLENE SMITH, MICHAEL SMITH, ) | |
| and STEVE SMITH, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on <u>April 1, 2020</u>, I electronically filed the foregoing "Amended Complaint" with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Jonathan W. Yarbrough
CONSTANGY BROOKS SMITH
& PROPHETE, LLP
84 Peachtree Road, Suite 230
Asheville NC 28803
Telephone: 828.333.4218
Facsimile: 828.277.5138
E-mail:
jyarbrough@constangy.com
*Attorney for Defendants*

John Baynard Crotts
KING LAW OFFICES, PLLC
215 N. Main Street
Rutherfordton NC 28139
Telephone: 828.286.3332
Facsimile: 828.286.1110
E-mail:
jcrotts@kinglawoffices.com
*Attorney for Defendants*

Respectfully submitted,

By:  **/s/ KIRK J. ANGEL**
　　　Kirk J. Angel