IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18 CV 345

| | | |
|---|---|---|
| TONYA R. CHAPMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| OAKLAND LIVING CENTER, INC., | ) | |
| ARLENE SMITH, MICHAEL SMITH, | ) | |
| and STEVE SMITH, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on the following:

1. Consent Motion to Withdraw as Counsel (Doc. 45) by Plaintiff's attorney Kirk J. Angel;

2. Defendants' Motion to Dispense with Mediation (Doc. 47).

A hearing was held on these motions on September 9, 2020. Plaintiff's attorney, Kirk J. Angel, appeared. Defendants Oakland Living Center, Inc., Arlene Smith, Michael Smith, and Steve Smith (collectively "Defendants") were represented by Jonathan W. Yarbrough.

Plaintiff Tonya Chapman ("Plaintiff") did not appear at the hearing. In response to the Court's inquiry, Mr. Angel represented that his office had communicated with Plaintiff about the hearing, that he understood she was going to attend, but that his office had now advised that Plaintiff had indicated

she did not believe her appearance was necessary because she consented to Mr. Angel's Motion to Withdraw. In this context, neither party objected to the hearing proceeding without Plaintiff's personal appearance.

The undersigned ruled on the Motion to Withdraw and Motion to Dispense with Mediation at the conclusion of the hearing. This Order memorializes those rulings.

## I. Motion to Withdraw

The Motion to Withdraw was filed by Mr. Angel on August 21, 2020 (Doc. 45). In response, on August 24, 2020, Plaintiff filed a document entitled "Plaintiff Objection to Council Proposal/Motion for Summary Judgement" (Doc. 46).

### A. Plaintiff's Embedded Motion for Summary Judgment

In addition to responding to the Motion to Withdraw, Plaintiff's filing also appears to make a separate motion for summary judgment. It is unclear whether Plaintiff was intending to make such a motion, and Mr. Angel stated that he did not think Plaintiff was attempting to do so. However, to the extent Plaintiff did intend to make such a motion, it is made in response to another motion (the Motion to Withdraw) and therefore is in violation of this District's Local Civil Rules. See LCvR 7.1(c)(1) ("Motions shall not be included in responsive briefs. Each motion must be set forth as a separately filed pleading."). Consequently, the embedded Motion for Summary Judgment will

2

be denied without prejudice.

### B. Withdrawal of Plaintiff's Counsel

In the Motion to Withdraw, Mr. Angel states that he has concluded that he has an ethical duty pursuant to the North Carolina Rules of Professional Conduct to withdraw from the representation of Plaintiff.

Plaintiff's position regarding this Motion is unclear from her responsive filing. However, as noted, during the hearing Mr. Angel represented that Plaintiff has consented to the Motion to Withdraw.

Defendants do not object to the requested withdrawal.

Having reviewed the Motion to Withdraw and received the positions of the parties, the undersigned finds that good cause exists to allow Mr. Angel to withdraw.

### C. Deadlines

The undersigned also heard from the parties as to whether extensions of any deadlines would be required.

#### 1. Motions Deadline

The deadline for filing dispositive motions expired on September 8, 2020 (the day before the hearing). Plaintiff has been represented by Mr. Angel from his entrance in the case on December 2, 2019 (Doc. 32) until the hearing on his Motion to Withdraw on September 9, 2020. During the hearing, Mr. Angel stated that he did not anticipate Plaintiff filing a dispositive motion.

3

Accordingly, extending the dispositive motions deadline for Plaintiff does not appear necessary.

## 2. Response to Defendants' Motion

On September 3, 2020, Defendants filed a Motion for Summary Judgment (Doc. 49), which motion is pending before the District Court. On September 8, 2020, Plaintiff filed a response entitled "Request to Deny Defendant's motion for summary judgment request the court to proceed with jury trial." (Doc. 52).

During the hearing, counsel for Defendants stated that he did not believe an additional response by Plaintiff to the Motion for Summary Judgment was necessary. However, given that Mr. Angel is being allowed to withdraw, and further bearing in mind the importance of summary judgment and that Plaintiff has apparently attempted to respond to Defendants' Motion on her own, the undersigned will provide Plaintiff with some additional time to submit a supplemental response to Defendants' Motion for Summary Judgment, should she choose to do so.

Additionally, as Plaintiff is now appearing *pro se* (upon the withdrawal of Mr. Angel), the undersigned will provide Plaintiff with certain advisements regarding summary judgment. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir.1975). Specifically, the Court **ADVISES** Plaintiff Tonya R. Chapman that Defendants have filed a Motion for Summary Judgment which asks the

Court to dismiss Plaintiff's Complaint pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff is advised to review the Motion for Summary Judgment and supporting brief (Docs. 49, 50) carefully. Plaintiff is further advised that she may submit, either through new counsel should such an attorney be retained by Plaintiff or on her own otherwise, a supplemental response to the Motion for Summary Judgment within the time provided herein (by September 30, 2020) but that if she does not submit a supplemental response to the Motion for Summary Judgment by the date stated, the Court may proceed to consider the Motion for Summary Judgment without receiving any additional information from her.

## II. Motion to Dispense with Mediation (Doc. 47)

As the docket indicates, Plaintiff previously opted to participate in this District's Pro Se Settlement Assistance Program. Program counsel was appointed for her and a mediated settlement conference was conducted on November 15, 2019. The mediator's report reveals that the conference ended in an impasse (Doc. 29).

The Pretrial Order and Case Management Plan that was entered thereafter (Doc. 35) required the parties to engage in additional settlement discussions through mediation. The deadline for the completion of mediation was subsequently extended to August 24, 2020 (Doc. 42) and ultimately to September 9, 2020 (Doc. 44).

Defendants now request that the Court relieve them of the requirement of conducting an additional mediated settlement conference, advising that they believe additional mediation would be futile. Defendants state that the absence of an attorney representing Plaintiff at an additional mediated settlement conference, together with information that has been obtained during discovery, including information regarding other cases Plaintiff has filed, "has changed the landscape of this case." (Doc. 48 at 3).

Plaintiff has not filed a response to the motion. At the hearing, however, Mr. Angel advised that he did not object to the Motion to Dispense with Mediation and stated he did not believe settlement was likely while summary judgment is pending.

Having reviewed the motion and received the statements of the parties, the undersigned concludes that, while the parties remain free to engage in settlement discussions between themselves, additional formal mediation efforts are not likely to prove unsuccessful.

**IT IS THEREFORE ORDERED THAT:**

1. The Consent Motion to Withdraw as Counsel (Doc. 45) by Plaintiff's counsel Kirk J. Angel is **GRANTED** and Mr. Angel is **WITHDRAWN** as counsel of record for Plaintiff. Mr. Angel is **DIRECTED** to provide a copy of this Order to Plaintiff and to file a notice with the Clerk certifying compliance with this requirement.

2. Plaintiff's Motion for Summary Judgment, as embedded in her "Plaintiff Objection to Council Proposal/Motion for Summary Judgement" (Doc. 46), is **DENIED WITHOUT PREJUDICE**.

3. Plaintiff is **ALLOWED** an additional 21 days, through and including September 30, 2020, within which to file a supplemental response to Defendants' Motion for Summary Judgment, either through new counsel or appearing *pro se*. Plaintiff is admonished to note the advisements provided above in this regard.

4. Defendants' Motion to Dispense with Mediation (Doc. 47) is **GRANTED** and the parties are **RELIEVED** of the responsibility of conducting an additional mediated settlement conference, provided however that this Order does not relieve the parties of compensating the mediator for any administrative costs that may have been incurred in anticipation of the additional conference.

Signed: September 9, 2020

W. Carleton Metcalf
United States Magistrate Judge