THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00345-MR-WCM

| | | |
|---|---|---|
| TONYA R. CHAPMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| OAKLAND LIVING CENTER, INC., | ) | |
| ARLENE SMITH, MICHAEL SMITH, | ) | |
| and STEVE SMITH, | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on the Defendants' renewed Motion for Summary Judgment. [Doc. 71].

**I. PROCEDURAL BACKGROUND**

On December 3, 2018, Tonya R. Chapman (the "Plaintiff") initiated this action against Oakland Living Center, Inc., ("OLC"), Arlene Smith, Michael Smith, and Steve Smith (the "Individual Defendants") (collectively "the Defendants"). The Plaintiff initially filed this action *pro se* [Doc. 1], but later retained counsel who filed an Amended Complaint wherein the Plaintiff

asserted claims for hostile work environment[1] and constructive discharge brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. Seq. ("Title VII"), and under 42 U.S.C. § 1981 ("Section 1981"). [Doc. 39]. After engaging in discovery, the Defendants filed a Motion for Summary Judgment on September 3, 2020. [Doc. 49]. On November 24, 2020, the Court granted summary judgment on all of the Plaintiff's claims and dismissed the action. [Doc. 64].

The Plaintiff appealed the grant of summary judgment. [Doc. 66]. On August 30, 2022, the Fourth Circuit issued a decision vacating this Court's order granting summary judgment and remanding for further proceedings. Chapman v. Oakland Living Ctr., Inc. 48 F.4th 222 (4th Cir. 2022). On September 27, 2022, the Defendants renewed their Motion for Summary Judgment. [Doc. 71]. The Plaintiff filed a Memorandum in Opposition to the Defendants' renewed Motion on November 23, 2022. [Doc. 79]. The Defendants filed a Reply to the Plaintiff's Memorandum in Opposition on November 30, 2022. [Doc. 81]. Thus, the matter has been fully briefed and is ripe for disposition.

---

[1] The Amended Complaint refers to this claim as one for harassment. [Doc. 39 at ¶¶ 22-26]. Both this Court and the Fourth Circuit have addressed this claim as one for a hostile work environment.

## II. DISCUSSION

The Plaintiff's Amended Complaint asserts claims brought pursuant to Title VII against OLC and under § 1981 against all Defendants. [Doc. 39]. On remand, the Defendants renew their motion for summary judgment as to the constructive discharge claim asserted against OLC and as to all claims against individual defendants. [Doc. 71]. The Defendants did not move for summary judgment as to the hostile work environment claim asserted against OLC; accordingly, that claim will proceed to trial.

### A. Claims Against the Individual Defendants

The Plaintiff's Amended Complaint asserts a claim against the Individual Defendants for a violation of 42 U.S.C. § 1981. [Doc. 39 at ¶¶ 28-33]. The Court's November 24, 2020, order granted summary judgment for the Individual Defendants. [Doc. 64 at 18]. The Plaintiff did not seek review of this grant of summary judgment on appeal. Chapman, 48 F.4th at 225 n.2. Thus, the Court's November 24, 2020, order stands as to the Individual Defendants. Accordingly, the Individual Defendants will be (already have been) dismissed from this action.

### B. Constructive Discharge Claim Against OLC

The Fourth Circuit reversed this Court's grant of summary judgment to OLC on the Plaintiff's claim for constructive discharge. Chapman, 48 F.4th

3

at 235. The Fourth Circuit concluded that the Court applied an erroneous standard to review of this claim, stating:

> This Court's standard for constructive discharge once required a showing that the "employer deliberately ma[de] the working conditions intolerable in an effort to induce the employee to quit." See Honor v. Booz-Allen & Hamilton, Inc., 383 F.3d 180, 186 (4th Cir. 2004) (internal quotation marks omitted). Under that standard, the plaintiff had to "allege and prove two elements: (1) the deliberateness of [the employer's] actions, motivated by racial bias, and (2) the objective intolerability of the working conditions." Id. at 187.
> Critically, however, "as a result of intervening Supreme Court case law, 'deliberateness' is no longer a component of a constructive discharge claim." See EEOC v. Consol Energy, Inc., 860 F.3d 131, 144 (4th Cir. 2017) (citing Green v. Brennan, 578 U.S. 547, 136 S.Ct. 1769, 195 L.Ed.2d 44 (2016)). That is, "[t]he Supreme Court now has clearly articulated the standard for constructive discharge, requiring objective 'intolerability' — 'circumstances of discrimination so intolerable that a reasonable person would resign' — but not 'deliberateness,' or a subjective intent to force a resignation." Id. (quoting Green, 578 U.S. at 560, 136 S.Ct. 1769).
> Here, the district court erroneously applied the old standard and rejected Chapman's constructive discharge claim for failure to "present sufficient evidence to create a question of fact as to whether OLC deliberately attempted to induce her to resign."

Chapman, 48 F.4th at 235. Accordingly, the Fourth Circuit remanded for a reassessment of the Plaintiff's constructive discharge claim under the proper standard. Id. The Fourth Circuit also concluded that the Court should have

4

considered the Plaintiff's evidence of racial harassment during her 2004-2015 employment with OLC as "[a]t minimum, relevant background evidence" to support her constructive discharge claim. Id. at 236.

On remand, OLC renews its Motion for Summary Judgment on the Plaintiff's constructive discharge claim. [Doc. 71]. OLC argues that the Plaintiff's forecast of evidence is not sufficient to satisfy the objective standard that the discrimination she faced was "so intolerable that a reasonable person would resign." [Doc. 72 at 15]. However, considering the Plaintiff's forecast of evidence of the three 2018 n-word incidents and the mechanisms (or lack thereof) of reporting discrimination available to her, and considering the racial harassment during the Plaintiff's earlier period of employment with OLC as background, the Court concludes that there is a sufficient forecast of evidence from which a reasonable jury could find that the environment to which the Plaintiff was subjected was objectively intolerable. Accordingly, the OLC's motion for summary judgment with respect to the Plaintiff's constructive discharge claim is denied.

**IT IS, THEREFORE, ORDERED** that:

(1) The Individual Defendants Arlene Smith, Michael Smith, and Steve Smith are **DISMISSED WITH PREJUDICE** from this action

5

Case 1:18-cv-00345-MR-WCM    Document 82    Filed 01/24/23    Page 5 of 6

(2) The Defendant's renewed Motion for Summary Judgment [Doc. 71] on the Plaintiff's claim for constructive discharge is **DENIED**.

(3) This matter will be scheduled for trial during the Court's March 2023 trial term. A final pretrial conference will be scheduled in February 2023.

**IT IS SO ORDERED.**

Signed: January 23, 2023

Martin Reidinger
Chief United States District Judge